UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:        -CIV-

SANDRA MONTOYA,

      Plaintiff,

v.

CITY OF MIAMI BEACH,

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, SANDRA MONTOYA (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, CITY OF MIAMI BEACH. (hereafter referred to as "Defendant") and as grounds alleges:

## INTRODUCTION

This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981, the Civil Rights Act of 1866, to redress injuries resulting from Defendant's unlawful, national origin based discriminatory treatment of and retaliation against Plaintiff.

## JURISDICTION, PARTIES, & VENUE

1. Plaintiff, SANDRA MONTOYA, is an adult, female resident of Miami-Dade County, Florida.

2. Defendant, CITY OF MIAMI BEACH, Florida Municipality, did at all material times, conduct substantial and continuous business in the Southern District of Florida.

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981, the Civil Rights Act of 1866, and Section 760.10 of the Florida Statutes.

4. The jurisdiction of this Honorable Court is invoked to secure protection of, and redress for, the deprivation of rights guaranteed by the aforementioned federal and state laws.

5. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §§1331, 1343, and 1367.

6. The venue for this action is properly placed in the Southern District of Florida, because events/ employment practices alleged in this Complaint to be unlawful were committed in Miami Dade County, within the jurisdiction of this Honorable court.

7. At all times relevant, Plaintiff was employed by Defendant.

8. Plaintiff was a resident of Miami County, Florida, is of the age of majority, and is otherwise sui juris.

## FACTUAL ALLEGATIONS

9. The Plaintiff is a Colombian Hispanic female.

10. On or about October 28, 2016, the Plaintiff began working for the City of Miami Beach as Field Inspector.

11. When Plaintiff started her first day as a field inspector for the City of Miami Beach, she realized that she was the only woman working as a field inspector. Plaintiff also realized that almost all employees working alongside her were African American, apart from a few outliers.

12. The Plaintiff was subjected to severe and constant harassment from her African American co-workers and administrative staff from the start of her employment.

13. For example, but not limited to, Plaintiff's car being subject to dents, scratches, and other acts of vandalism towards her car by fellow co-workers, which she reported to Defendant and her bosses via email with photo proof. No action was ever taken by Defendant and Plaintiff's bosses to address the vandalism.

14. Another example, but not limited to, Plaintiff, asked a co-worker named Yasmin Evans, who is African American, a work-related question while in front of a group of co-workers, who were also African American. Yasmin Evans, in response to Plaintiff's work-related question, began yelling profanities in a violent tone at the Plaintiff because Ms. Evans felt she did not have to answer any questions to the Plaintiff. The Plaintiff reported the incident via email again, but no action was taken by the Defendant or Plaintiff's bosses.

15. After Plaintiff reported both incidents to Defendant and her bosses, besides no action being taken by them, Plaintiff's workplace continued to become more hostile towards her as result of her reporting the incidents.

16. One day after returning from a field assignment to her office, Plaintiff realized that somebody took without permission much of her office supplies, including her computer mouse which did not allow Plaintiff to work on her computer. Plaintiff searched in her entire office, and even asked around for her missing supplies to no avail. Plaintiff once again reported the incident to Defendant and her bosses, with no action being taken by them.

17. On another occasion, Plaintiff arrived at her office to retrieve tools to go on a field assignment when she noticed that the mirror attached to her telescopic pole, which is required for the tool to function, was removed. Defendant reported this incident once again to the Defendant and her bosses. Beside no action being taken by Defendant and Plaintiff's

bosses, Plaintiff could not complete her required field assignments that day due to her tools being nonfunctional.

18. Plaintiff was also subject to the constant beratement and harassment at the hands of Yasmin Evans. Although Plaintiff never engaged Yasmin Evans, Yasmin Evans would insult Plaintiff every time she would pass her office. Examples of things Yasmin Evans would do when Plaintiff passed her desk was say "Fuck you," make obscene gestures towards her, or laugh at her face while demonstrating her middle finger.

19. Defendant also harassed Plaintiff regarding their drug testing program. The City of Miami Beach has a random selection system for drug testing for all employees. However, Plaintiff was that selected to conduct a drug test every month she was employed with Defendant. No other employee that was employed by Defendant ever had been selected to be tested as frequent or as extensively as Plaintiff was throughout the time she was employed there.

20. The final incident that caused Plaintiff to initiate her first complaint with the Florida Commission of Human Relations, was when she was in line to clock out of work. Plaintiff lined up behind Mr. Erick Valentine, who is African American. After Plaintiff lined up behind Mr. Erick Valentine, Erick Valentine began making inappropriate and nasty comments about Plaintiff, which caused co-workers nearby and himself to being laughing at her.

21. Plaintiff was very uncomfortable with the situation that was forming and did not engage Erick Valentine's comments and stayed quiet. Erick Valentine then yelled at Plaintiff "Who do you think you are? Better than us?" Plaintiff did not respond to Erick Valentine but was extremely tense in the situation as she feared for her safety and wellbeing.

22. When Plaintiff was next to clock out for the day, another co-worker named Gregory, who is African American, cut in front of her. Plaintiff told Gregory "Excuse me, but I was in front of you," which Gregory responded "Fuck you" to her face. This caused everyone in the area witnessing the situation to begin laughing at Plaintiff. Plaintiff left the line in a state of shame and embarrassment to Rudy's office, which is one of Plaintiff's supervisor.

23. Plaintiff respectfully asked Rudy to help her in the situation and to do something with what she was experiencing at the clock out station, which caused Rudy to yell at her profanities and commanded her to get out of his office.

24. After this incident, On January 28, 2021, the Plaintiff filed a charge of discrimination to the Florida Commission on Human Relations (FCHR).

25. After filing a charge of discrimination to the FCHR, Defendant took retaliatory measures against her for filing her charge. Examples of the retaliatory measures are, but not limited to, making Plaintiff's workload significantly more than any of her co-workers by having her cover the assignments through the entire city of Miami Beach, which caused stress and health problems.

26. Defendant began to also falsely accused Plaintiff of insubordination and an antagonistic attitude. Defendant also forced Plaintiff to attend Employee Assistance Programs (EAP), which Plaintiff had to pay out of pocket for and created financial problems for her.

27. On or around April 28, 2021, the Plaintiff was summoned to a pre-determination hearing, to determine why she was unable to attend the EAP sessions. Plaintiff was asked about her appearance in the hearing and was not heard regarding the hostile treatment received.

28. On or around May 17, 2021, the Plaintiff was terminated.

29. As a result of Defendant's discriminatory treatment of the Plaintiff based on her national origin and sex/gender, the Plaintiff had suffered damages and was forced to retain undersigned counsel.

30. Currently, Plaintiff has filed another charge of discrimination to the FCHR for retaliation, which is currently being investigated.

## COUNT I

## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE TITLE VII

31. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 30, as if fully set forth herein.

32. Defendant engaged in practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on his national origin. Defendant has engaged in a pattern of continuous discrimination against Plaintiff because she is of Colombian national origin.

33. Defendant was aware that Plaintiff was singled out for mistreatment in a discriminatory manner because of his national origin. Defendant participated in, were aware of, and/or allowed the discrimination. Defendant knew such actions were unlawful but acted in reckless disregard of the law.

34. Defendant's conduct complained of here was willful and in disregard of Plaintiff's protected rights.

35. Plaintiff would have continued in his employment with Defendant, entitled to his wages and benefits, but for the discriminatory conduct of Defendants.

36. As a direct and proximate result of Defendants' discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, termination, based on his national origin.

37. The conduct of Defendant, by and through the conduct of its employees, agents, and/or representatives, and the Defendant's endorsement of discriminatory activities, and Defendant's failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of his statutory rights under federal and state law.

38. As a result of Defendant's acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

39. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorneys' fees pursuant to 42 U.S.C.A. § 1988, the Civil Right Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendant containing the following relief:

a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

c. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

d. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

e. An award of punitive damages;

    f.   An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

    g.   Such other and further relief as the Court may deem just and proper.

**COUNT II**
**SEX/GENDER DISCRIMINATION IN VIOLATION OF THE TITLE VII**

40. Plaintiff reasserts her allegations in paragraph 1-30 as fully set forth herein.

41. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

> "(1)    It shall be an unlawful employment practice for an employer:
>
> > (a)  To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

42. Title VII accordingly prohibits discrimination based on sex.

43. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which male individuals were not and would not have been subjected, in violation of Title VII.

44. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

45. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

46. As a result of the sexually harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

47. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

48. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088